IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DYLAN ROSILEZ #02345805 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv316 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Petitioner Dylan Rosilez, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this federal petition for a writ of habeas corpus and paid a $5 filing fee. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

On August 15, 2022, the Court observed that the petition raised different types of claims that could not proceed in a single suit in this Court, severed Petitioner's challenge to the validity of the 2021 criminal conviction and sentence imposed in Fort Bend County, Texas, and transferred that challenge to the Houston Division of the United States District Court for the Southern District of Texas for proper venue. (Dkt. #3.) This Court retained jurisdiction over Petitioner's claims about the conditions of his confinement at the TDCJ's Michael Unit, including any challenge to the execution or implementation of his sentence there pursuant to 28 U.S.C. § 2241. (*Id.* at 5.)

On August 29, 2022, the Court ordered Petitioner to file an amended pleading to identify specify whether he wished to pursue habeas claims under Section 2241 or civil rights claims under 42 U.S.C. § 1983 and to allege the facts necessary to support either claim. (Dkt. #6.) The Court also instructed Petitioner to satisfy the $402 filing fee requirement if he intended to pursue claims

under Section 1983. (*Id.* at 2.) The Court explicitly cautioned that "Petitioner's failure to comply as directed may result in the dismissal of this action[.]" (*Id.*) Petitioner has not complied with that order or sought any extension of time to do so.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining that a habeas petition may be dismissed pursuant to Rule 41(b)). Further, the district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Petitioner failed to comply with the order directing him to file an amended pleading. Dismissal with prejudice for failure to prosecute or to comply an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Petitioner's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Petitioner's failure to comply with an order of the Court. It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*, which refers to an appeal of this case only and does not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 30th day of November, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE